## THE KING *vs.* HO FON.

EXCEPTIONS TO DECISION OF JUDD, C.J., SUSTAINING DEMURRER
TO INDICTMENT.

OCTOBER TERM, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

An indictment for conspiracy alleged that defendant, etc., conspired "to commit the crime of treason." Held, bad. The statutory description of the offense of treason (the object of the conspiracy) must be set out, so that the Court may see that the facts would, if committed, amount to the statutory crime of treason.

OPINION OF THE COURT, BY PRESTON, J.

The defendant was indicted at the present term for that the defendant, "with divers other persons to the Attorney-General unknown, wickedly devising and intending to levy war against the King's Government, and to employ force in contravention of the laws and in opposition to the authority of the King's Government, and with the intent of affecting the public tranquility generally, did maliciously and fraudulently combine, confederate, agree and mutually undertake and concert together to commit the crime of treason."

To this indictment the defendant demurred.

The Chief Justice, who was presiding, overruled the demurrer and the defendant presented a bill of exceptions, which was allowed.

On the argument before us, it was contended on behalf of the defendant that the indictment was bad because it alleged that the conspiracy was to "commit the crime of treason," and did not set out in proper language and words the statutory offense of treason.

On behalf of the prosecution, it was contended that the intent alleged in the indictment was sufficient, and that it was not necessary to set out the means by which the conspiracy was to be effected. *State vs. Ripley et als.*, 31 Me., 386; *Hazen vs. Commonwealth*, 23 Penn. St., 355.

Conspiracy is defined in the Penal Code as "A malicious or fraudulent combination or mutual undertaking or concerting together of two or more to commit any offense, or instigate any one thereto, or to charge anyone therewith, or to do what plainly and directly tends to excite or occasion offense, or what is obviously and directly wrongfully injurious to another. For instance, a confederacy to commit murder, robbery, theft, burglary or any other offense provided for in the Criminal Code." * * *

Treason is defined "to be any plotting or attempt to dethrone or destroy the King, or the levying of war against the King's Government, or the adhering to the enemies thereof, giving them aid and comfort, the same being done by a person owing allegiance to this Kingdom."

It is no doubt true that it is unnecessary to state in the indictment the means by which the conspiracy is to be effected: *i.e.*, in a conspiracy to murder, that a knife, pistol or other weapon, or poison was to be used. It is enough for the pleader to set out the offense aimed at by such apt words as will describe it as a conclusion of law. Wharton's Precedents of Indictments and Pleas, Vol. 2, p. 607. Thus it is sufficient to say that the defendants conspired feloniously, willfully, and of their malice aforethought, to kill and murder one A. B., or that they conspired "certain goods and chattels of great value, etc., then belonging to and on the person of A. B., feloniously to steal." *Com. vs. Rogers*, 5 Serg. & R., 463.

It is not sufficient to describe the conspiracy as a conspiracy to commit the crime of murder, larceny or robbery, or as in the case before the Court, to commit the crime of treason, but the statutory description of the offense must be set out, so that the Court may see that the facts charged would, if committed, amount to the statutory crime of treason. There are several things which, if committed, would be treason, and the indictment should allege the conspiracy to be to dethrone or destroy the King, to levy war against the King's Government, the adhering to the enemies thereof, as the case may be.

Upon principle and authority, we find this indictment to be insufficient, and one that the defendant is not called upon to answer. But we will not order judgment to be entered in his favor, as under Section 33 of the Act "To Regulate the Practice and Procedure in Criminal Cases," we have authority to cause the indictment to be amended.

We therefore direct that the Clerk of the Court do forthwith amend the indictment in conformity with this decision.

*P. Neumann,* for defendant.

*C. W. Ashford* (Attorney-General), *A. P. Peterson* (Deputy Attorney-General), and *F. M. Hatch,* for the Crown.