## TERRITORY *v.* THERESA OWANA KAOHELELANI WILCOX BELLIVEAU.

## No. 1142.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT. HON. W. H. HEEN, JUDGE.

ARGUED MAY 2, 1919.                    DECIDED MAY 10, 1919.

### COKE, C. J., KEMP AND EDINGS, JJ.

CONSPIRACY—*indictment*—*allegations*—*means and object of conspiracy.*
   Where the indictment charges a conspiracy to do an unlawful act it is unnecessary to set out the means by which the act was to be accomplished.

SAME—*same*—*same*—*same.*
   The reverse is true where the object of the conspiracy is not necessarily unlawful and the criminality of the conspiracy depends upon the unlawfulness of the means contemplated to accomplish the object. In such a case the rule is that the indictment must set out the means that the court may see that there is a criminal conspiracy.

TRIAL—*evidence*—*order of proof.*
   The order of proof is a matter largely within the discretion of the trial court. Especially is this true in a prosecution for conspiracy where the facts are ordinarily complicated and involved.

#### OPINION OF THE COURT BY COKE, C. J.

The defendant-appellant, Theresa Owana Kaohelelani Wilcox Belliveau, was, together with James M. Kealoha and Samuel K. Kamakaia, indicted by the grand jury for the crime of conspiracy in the first degree. The indictment contains two counts. The first count charges a conspiracy to forge the will of a then living person, to wit, Liliuokalani, former Queen of the Hawaiian Monarchy, and the second count charges a conspiracy to commit the

crime of perjury and subornation of perjury in order to obtain the probate of the forged will. At the trial of the cause the prosecuting attorney entered a nolle prosequi as to the defendant Samuel K. Kamakaia. The cause then went to trial before a jury which returned a verdict of guilty against the appellant Belliveau upon the first count of the indictment and acquitted her upon the second count. The defendant Kealoha was found guilty upon both counts of the indictment. The appellant Belliveau thereupon interposed a motion for a new trial which was overruled by the court and sentence was then imposed upon her. She now comes to this court upon exceptions, sixteen in all, alleging errors for which she asks a new trial.

At the outset it is contended by the defendant that the trial court erred in overruling her demurrer to the first count of the indictment, for the reasons, as we understand her claim to be, that said first count fails to sufficiently specify the means used by defendants in conspiring to defraud certain persons of their right of property, and also fails to allege the facts constituting the crime of forgery or the means through which the defendants intended to commit the crime of forgery.

The first count of the indictment, omitting the formal portion thereof, charges "that Theresa Owana Kaohelelani Wilcox Belliveau, James M. Kealoha and Samuel K. Kamakaia, of the City and County of Honolulu, Territory of Hawaii, in the first judicial circuit aforesaid, at the City and County of Honolulu, Territory of Hawaii, and in the circuit aforesaid and within the jurisdiction of this honorable court, on the 29th day of August, in the year of our Lord one thousand nine hundred and seventeen, did unlawfully, maliciously and fraudulently combine, confederate, mutually undertake, conspire and concert together to commit the crime of forgery, by then and there, unlawfully and feloniously, deceptively and fraudulently,

preparing, having prepared, making, having made, pro-
curing, having procured, forging, having forged, counter-
feiting and having counterfeited a certain writing to wit,
a will of one Liliuokalani, dated August 29th A. D. 1917,
said Liliuokalani being then and there a living person,
said will purporting to be made, published and declared
by said Liliuokalani as the last will and testament of said
Liliuokalani, and subscribed by said Liliuokalani and de-
clared by said Liliuokalani, to be the last will and testa-
ment of said Liliuokalani, in the presence of said Liliuo-
kalani and in the presence of James M. Kealoha and Sam-
uel K. Kamakaia, and to be attested by said James M.
Kealoha and Samuel K. Kamakaia as attesting witnesses
according to law, as being true and genuine according to
its apparent purport, said will involving or affecting the
amount or value of more than one hundred dollars
($100.00), with intent in them, the said Theresa Owana
Kaohelelani Wilcox Belliveau, James M. Kealoha and
Samuel K. Kamakaia, to defraud, deceive and prejudice
another or others, in his or their rights of property, they
the said Theresa Owana Kaohelelani Wilcox Belliveau,
James M. Kealoha and Samuel K. Kamakaia, then and
there and at the time when they so prepared, had prepared,
made, had made, procured, had procured, forged, had
forged, counterfeited, and had counterfeited said will as
aforesaid, well knowing the same to be false, forged and
fraudulent, and did then and there and thereby commit
the crime of conspiracy in the first degree."

The statutes of the Territory of Hawaii defining the
crime for which the defendants were indicted may be
briefly summarized as follows:

"A conspiracy is a malicious or fraudulent combination
or mutual undertaking or concerting together of two or
more to commit any offense" (Sec. 4076 R. L. 1915).

"Conspiracy to * * * commit a felony * * * or to forge
or counterfeit * * * to an amount exceeding one hundred
dollars is in the first degree" (Sec. 4084 R. L. 1915).

"It is forgery * * * to make a false will of a living per-
son" (Sec. 3959 R. L. 1915).

In a prosecution for criminal conspiracy to do an unlawful act the indictment need only show that the purpose of the conspiracy is unlawful by stating its object, the essence of the offense being the unlawful agreement for an unlawful purpose. In other words, the conspiracy itself is the gist of the crime and the general rule, in criminal prosecutions for conspiracy, is the indictment must contain a statement of the facts relied upon as constituting the offense in ordinary and concise language, with as much certainty as the nature of the case will admit, in such a manner as to enable a person of common understanding to comprehend what is intended, and with such precision that the defendant may plead his acquittal or conviction to a subsequent indictment based upon the same facts. Where, as in the present case, the indictment against the defendants charges a conspiracy to do an unlawful act it is unnecessary to set out the means by which the act was to be accomplished. The reverse is true where the object of the conspiracy is not necessarily unlawful and the criminality of the conspiracy depends upon the unlawfulness of the means contemplated to accomplish the object. In such a case the better rule is that the indictment must set out the means that the court may see that there is a criminal conspiracy. "An indictment alleging a conspiracy to suborn perjury need not, with technical precision, state all the elements essential to the commission of the crime of subornation of perjury and of perjury." *Williamson* v. *United States,* 207 U. S. 425; *Knauer* v. *United States,* 237 Fed. 8; *The King* v. *Ho Fon,* 7 Haw. 757. The indictment in this case sufficiently embraces all of the necessary elements of the crime charged and the demurrer was properly overruled.

Various other exceptions of the appellant involve the admission of the evidence of sundry witnesses for the prosecution introduced before the alleged conspiracy to

forge the will had been established.    The order of proof
is a matter largely within the discretion of the trial court.
Especially is this true in a prosecution for conspiracy
where the facts are ordinarily involved and complicated.
The government has the right to show the whole history
of the conspiracy from its commencement to its conclusion
and to do this it may, prior to the introduction of evi-
dence of the conspiracy itself, offer evidence of admis-
sions made by the defendants and other facts and circum-
stances which, standing alone, would appear immaterial
but which are to be connected up and made material by
evidence to follow.    In *Territory* v. *Soga*, 20 Haw. 71, it
was held that in a criminal conspiracy case the order of
proof is immaterial.    See *The King* v. *Anderson*, 1 Haw.
41; 12 C. J. Sec. 227, pp. 634-635.

Appellant's exception to the admission of the evidence
of R. W. Breckons as an expert on handwriting is with-
out merit.    This same subject has recently had the atten-
tion of this court and was disposed of adversely to the
contention of appellant.    See *Kamahalo* v. *Coelho*, *ante*
p. 689.

The remaining exceptions have to do with the instruc-
tions.    The first embraces the refusal of the court to give
to the jury numerous instructions requested by the ap-
pellant; and the appellant further complains of a large
number of instructions given to the jury by the court at
the request of the prosecution.    These instructions are al-
together too numerous and too lengthy to bear quoting
in this opinion.    It is sufficient to say that after a careful
consideration of the instructions as a whole we are con-
vinced that they correctly expressed the law and in a
comprehensive manner embraced every phase of the case
upon which the court was required to instruct the jury.
A large number of appellant's instructions refused by the
court, and of which refusal she now complains, were sub-
stantially covered by the court in other instructions.

The motion for a directed verdict and the denial by the court of the appellant's motion for a new trial involve also the contention of the appellant that the evidence fails to show that the appellant's coconspirators, Kealoha and Kamakaia, or either of them, ever entered into a conspiracy with the appellant to forge the will of Liliuokalani. There was an abundance of evidence at the close of the case for the prosecution as well as at the time it was finally submitted to the jury to sustain a conviction of the appellant. The evidence overwhelmingly established that the scheme to forge the will of Liliuokalani was the original plan of Mrs. Belliveau, the appellant; that hers was the master mind and the guiding hand in the plot; that she persuaded Kealoha and Kamakaia to join her in the conspiracy, it being understood that they were to act as attesting witnesses to the forged will; that the appellant had the will prepared in writing and that she forged thereto the name of Liliuokalani; that Kealoha and Kamakaia then signed the will as witnesses and over their signatures falsely certified that the same was signed by Liliuokalani in the presence of each and both of them and was by her declared in the presence of each and both to be her last will and testament and that they at her request and in her presence and in the presence of each other signed their names as attesting witnesses. The evidence shows that through the instrumentality of the appellant this forged and fraudulent will was offered for probate in the circuit court of the first judicial circuit; that at first both Kealoha and Kamakaia vouched for its genuineness but that shortly before the hearing of the petition for the probate of the will Kamakaia relented and exposed the conspiracy. The will was forged on the 29th of August, 1917. It was known to Mrs. Belliveau at that time that Liliuokalani was aged and infirm and that her death was fast approaching. Liliuokalani died November

11, 1917. Mrs. Belliveau was also well aware that the former Queen was possessed of a large and valuable estate and it was her plan through the medium of the forged will to secure to herself and her children a large portion of this estate — a brazen and diabolical scheme to plunder and loot the estate of the dead ex-Queen. Appellant was fairly tried, properly convicted and richly deserves the punishment which her sentence prescribes.

All of appellant's exceptions, after full consideration being found devoid of merit, are overruled.

*C. S. Davis,* Second Deputy City and County Attorney (*A. M. Brown,* City and County Attorney, and *A. M. Cristy,* First Deputy City and County Attorney, with him on the brief), for the Territory.

*Andrews & Pittman* for defendant.